UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NATIONAL ENTERTAINMENT COLLECTIBLES ASSOCIATION, INC., | : : : | Case No. 3:12-cv-106 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| MEADWESTVACO CORPORATION, | : : | |
| Defendant. | : | |

_____

**DECISION AND ENTRY DENYING DEFENDANT'S
MOTION TO DISMISS AMENDED COMPLAINT (DOC. 10)**
_____

This civil case is before the Court on Defendant MeadWestvaco Corporation's ("MWV") Motion to Dismiss the Amended Complaint. (Doc. 10).  Plaintiff National Entertainment Collectibles Association, Inc. ("NECA") filed a Memorandum in Response. (Doc. 13).  Thereafter, MWV filed a Reply. (Doc. 16).  MWV's Motion is now ripe for decision by the Court.

**I.  FACTS ALLEGED**

For purposes of this motion to dismiss, the Court must: (1) view the Complaint in the light most favorable to Plaintiff, and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

NECA is a designer, marketer, and worldwide distributor of licensed entertainment consumer goods based on some of America's most established and beloved properties,

providing products across all consumer categories.  NECA is the primary worldwide merchandising rights licensee from Lions Gate Films, Inc. to manufacture and distribute certain products, across all consumer product categories, including stationery and other paper products bearing trademarks, copyrights, characters, characterizations, designs and/or visual representations as they appear in The Hunger Games motion picture franchise.  NECA has not authorized MWV to produce or distribute any products.

NECA alleges that one or more MWV sales representatives have made false representations of fact to buyers at retailers, including but not limited to Target stores, that MWV is a manufacturer authorized by NECA for The Hunger Games stationery program.  NECA alleges that such misrepresentations are false, misleading, likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of MWV with NECA, or as to NECA's sponsorship or approval of MWV's offering of stationery products for the Picture.  According to NECA, MWV was aware of NECA's merchandising rights for the Picture at the time such misrepresentations were made, having previously contacted NECA seeking rights to produce and distribute products for The Hunger Games stationery program.

NECA alleges injury as a result of these misrepresentations and that such misrepresentations constitute unfair competition under Lanham Act, § 43(a), 15 U.S.C. § 1125(a) and deceptive trade practices under Ohio Rev. Stat. § 4165.02(A)(2) and (3). NECA asserts causes of action under the Lanham Act, Ohio's Deceptive Trade Practices Act, and Ohio common law for unfair competition.  NECA seeks damages, injunctive relief, attorney fees, costs, and expenses.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do."  Id. (citing *Twombly*, 550 U.S. at 555).  In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (citing Fed. Rule Civ. Proc. 8(a)(2)).

### III. ANALYSIS

With regard to the substantive claims in the Amended Complaint, MWV argues that NECA fails to adequately plead a viable Lanham Act claim or claim under Ohio law because NECA does not specifically allege that MWV actually manufactured Hunger Games stationery. NECA suggests that MWV merely representing itself as commercially affiliated, associated or approved by NECA to manufacture Hunger Games stationery is sufficient to support a Lanham Act claim.

Section 43(a) of Lanham Act, 15 U.S.C. § 1125(a), "provides broad federal remedies beyond simple trademark protection." *Romero v. Buhimschi*, 396 Fed. Appx. 224, 231 (6th Cir. 2010) (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003)); *see also Gnesys, Inc. v. Greene*, 437 F.3d 482, 489 (6th Cir. 2005). Specifically, § 43 of the Lanham Act, provides, in relevant part, that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any . . . false or misleading representation of fact, which --
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . .
>
> . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

-4-

15 U.S.C. § 1125(a)(1)(A).

Here, the Amended Complaint alleges that MWV falsely represented to retailers that it is authorized by NECA to manufacture Hunger Games stationery.  It is plausible on the face of the allegations that such false representations could deceive, confuse or cause mistake as to NECA's approval of MWV's purported goods, or at the least, MWV's commercial activities.  *See Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1273 (10th Cir. 2000) (stating that the Lanham Act permits "actions based on misrepresentations about commercial activities as well as goods and services").

MWV suggests that the term "goods" in § 1125(a) is limited and refers only to then-existing goods, *i.e.*, goods that have actually been manufactured.  MWV cites no authority for such a proposition.  Nevertheless, even accepting such a conclusion, the Court can reasonably infer that MWV manufactured Hunger Games stationery products from NECA's allegation that MWV offered Hunger Games stationery products to retailers.  Thus, the Amended Complaint sufficiently alleges a Lanham Act aim under 15 U.S.C. § 1125(a)(1)(A).

With regard to NECA's claims asserted under Ohio Rev. Code §§ 4165.02(A)(2) and (3), and Ohio common law, courts note generally that "[t]he same analysis that applies to an unfair competition claim under the Lanham Act also applies to an unfair competition claim under Ohio law." *Leisure Systems, Inc. v. Roundup, LLC*, No. 1:11–cv–384, 2012 WL 5378302, *21 (S.D. Ohio Oct. 31, 2012) (citations omitted). Thus, the Court's "discussion of the Lanham Act claim encompasses the Ohio unfair competition claim as well." *Id*. (citations omitted).

Finally, MWV moves to dismiss NECA's prayer for injunctive relief arguing that NECA fails to plead irreparable injury. "In the Sixth Circuit, '[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement.'" *Maker's Mark Distillery, Inc. v. Diageo North America, Inc.*, 703 F. Supp.2d 671, 700 (W.D. Ky. 2010) (citations omitted).

To obtain a permanent injunction, a plaintiff must demonstrate "that (1) it has suffered irreparable injury, (2) there is no adequate remedy at law, (3) a remedy in equity is warranted when considering the balance of hardships between the parties, and (4) it is in the public's interest to issue the injunction." *Id*. (citations omitted). "Generally, irreparable injury . . . is presumed from a showing of success on the merits[.]" *Id*. (citing *DaimlerChrysler v. The Net Inc.*, 388 F.3d 201, 208 (6th Cir.2004); *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1056 (6th Cir.1999)). Here, because NECA plausibly pleads a Lanham Act claim, the Court declines to dismiss a remedy that NECA seeks in conjunction with such claim.

## IV.  CONCLUSION

Accordingly, based on the foregoing, Defendant MeadWestvaco Corporation's Motion to Dismiss the Amended Complaint is **DENIED**.  (Doc. 10).

**IT IS SO ORDERED.**


Date:  December 19, 2012                     *s/ Timothy S. Black*
                                             Timothy S. Black
                                             United States District Judge